UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEOFFREY A. FRAZIER, et al.,

Plaintiffs,

v.                                          CASE No. 8:08-CV-677-T-17TGW

REID JOHNSON, et al.,

Defendants.

---

## REPORT AND RECOMMENDATION

This cause came on to be heard upon the Defendants' Motion for
Attorneys' Fees and Costs (Doc. 24), and the plaintiffs' response thereto
(Doc. 26). The defendants seek an award of attorneys' fees and related costs
based upon their successful motion to compel arbitration. I recommend that
the motion be denied, primarily because, at this point, the defendants have not
prevailed on the merits of any claim.

I.

The plaintiffs, Geoffrey Frazier, Michael Dixon, and Christopher
Sleight, sued defendants Reid Johnson, The Planning Group of Scottsdale,

LLC, Altair, LLC, and GFA Wealth Design, LLC, in connection with the sale of interests in a financial consulting company (Doc. 2). The plaintiffs alleged that the defendants were in default of the purchase agreement and related agreements. The purchase agreement contains an arbitration clause, which provides (Doc. 2, p. 28):

> Other than Buyer's right to pursue and obtain temporary restraining orders, preliminary injunctions and/or permanent injunctions in regard to any breach of the non-compete agreement, any controversy or claim arising out of this Agreement or the interpretation of any of the provisions in this Agreement shall be resolved by binding arbitration by one arbitrator conducted under commercial rules and procedures of the American Arbitration Association. Any arbitration award may be enforced in any court of competent jurisdiction.

The defendants, consequently, filed a motion to compel arbitration and to dismiss the complaint (Doc. 9). The plaintiffs responded that the disputes were actionable because the lawsuit also stems from contracts that do not contain arbitration clauses, claims that do not arise out of the purchase and sale agreement, and common-law contract claims (Doc.

10, p. 2). The plaintiffs argued further that only defendant Johnson is a signatory to any contract containing an arbitration clause (id.).

District Judge Elizabeth A. Kovachevich granted the defendants' motion to compel arbitration to the extent that the arbitrability of issues would be decided by the arbitrator (Doc. 23). Judge Kovachevich concluded that the parties' purchase agreement contained a valid arbitration agreement and that the non-signatory defendants have a sufficiently close relationship to invoke arbitration (id., pp. 11-12). The Order dismissed the case (id., p. 12).

The defendants thereafter filed a motion for attorneys' fees (Doc. 24). The defendants seek an award of attorneys' fees and costs based on their status as a prevailing party under the contract (id., p. 3). In the alternative, the defendants seek an award of attorneys' fees as a successful party under Arizona Revised Statutes (A.R.S.) §12-341.01 (id.). The plaintiffs object to the defendants' motion (Doc. 26). After the motion was referred to me for a report and recommendation (Doc. 25), a hearing was held on the issue of entitlement.

II.

The purchase agreement in this case provides that, "[i]f any action is brought by either party against the other party arising out of this Agreement, the prevailing party shall recover from the other party reasonable attorneys' fees, costs and expenses incurred in connection with the prosecution or defense of such action" (Doc. 2, p. 28). However, the parties' agreement does not define the term "prevailing party." Further, the arbitration clause states that "any controversy or claim arising out of this Agreement or the interpretation of any of the provisions in this Agreement shall be resolved by binding arbitration" (id.). Seemingly, the defendants' motion for attorneys' fees and costs arises out of the contract and, therefore, the interpretation of "prevailing party" could also be an arbitrable issue.

Ordinarily, the phrase "prevailing party" is a legal term of art defined as "a party in whose favor a judgment is rendered, regardless of the amount of damages awarded ..., [a]lso termed successful party." Buckhannon Bd. and Care Home, Inc. v. West Virginia Department of Health 532 U.S.

598, 603 (2001), citing Black's Law Dictionary. Thus, "a 'prevailing party' is one who has been awarded some relief by the court." Id.

In Sole v. Wyner, 551 U.S. 74, 127 S.Ct. 2188 (2007), the plaintiffs obtained a preliminary injunction that permitted them to put on a nude demonstration at a state beach in violation of state rules. Subsequently, the plaintiffs lost their challenge to the state rules on the merits. Nevertheless, they sought attorneys' fees for their success in obtaining the preliminary injunction. The Supreme Court rejected that claim, noting that the touchstone of the prevailing party inquiry is the material alteration of the legal relationship of the parties. 127 S.Ct. at 2194.

While Sole v. Wyner is not dispositive, it certainly is instructive. In that case, the preliminary injunction allowed the plaintiffs to put on their demonstration. That relief was clearly as great, if not greater, than the relief obtained by the defendants in this suit. Consequently, the defendants have no greater claim to attorneys' fees than did the plaintiffs in Sole v. Wyner. See Pitchford v. Oakwood Mobile Homes, Inc., 212 F.Supp.2d 613, 618 (W.D. Va. 2002).

Therefore, it seems to me that the defendants are not prevailing parties as that term is ordinarily used. This conclusion is supported, moreover, by two district court cases cited by the plaintiffs (see Doc. 26, p. 3). Thus, in Gossett v. Porsche, 2006 WL 3007384 at *2 (D.S.C., 2006), the court denied attorney's fees to a party that had successfully compelled arbitration because the order to arbitrate was not on the merits and did not render the litigant a "prevailing party." Similarly, in Pitchford v. Oakwood Mobile Homes, Inc., supra, the court explained that procedural victories, such as successfully defeating a motion to compel arbitration, does not make a litigant a prevailing party.

At this point, no information has been provided indicating that the arbitrator has determined the underlying merits of the case. Accordingly, without more, the defendants cannot be said to be victors entitled to attorneys' fees as a prevailing party under the commonly understood meaning of the term.

There is, however, a wrinkle in this case that prompts me to recommend that the denial of attorneys' fees on the prevailing party theory

be without prejudice. As indicated, there is a basis in the contract for concluding that the determination of whether the defendants are prevailing parties under the contract is a matter for the arbitrator to decide. Thus, the contract provides (Doc. 2, p. 28):

> If any action is brought by either party against the other party arising out of this Agreement, the prevailing party shall recover from the other party reasonable attorneys' fees, costs and expenses incurred in connection with the prosecution or defense of such action.

And, as quoted above, the contract further provides that "any controversy or claim arising out of this Agreement or the interpretation of any of the provisions in this Agreement shall be resolved by binding arbitration" (id.). In light of these two provisions, it would seem that the interpretation of prevailing party should be made by the arbitrator.

Although neither party had advanced this approach, it is consistent with the court's resolution of the motion to compel arbitration. Thus, on that issue, the court simply decided that the issue of whether arbitration provided the proper forum was to be decided by the arbitrator (Doc. 23, p. 11). Similarly, deferring to the arbitrator seems warranted on the

-7-

issue of whether the defendants are entitled to attorneys' fees under the contract.

## III.

Because the agreements are governed by Arizona law, the defendants rely upon A.R.S. §12-341.01 as an alternate ground for an award of attorneys' fees (Doc. 23, ¶¶ 8, 9). That statute provides that, "[i]n any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees."

A determination of an attorney's fee award under that statute involves a two-step inquiry. Wagenseller v. Scottsdale Memorial Hospital, 710 P.2d 1025, 1044 (Ariz. 1985). Thus, the initial inquiry is whether the party seeking fees was successful. Id. at 1046. If so, there is the further question, because the award of fees is discretionary, whether an award is appropriate. Id. at 1049-50; Dahn World Co. Ltd. v. Chung, 2006 WL 3313951 at *3 (D. Ariz. 2006).

The Arizona Supreme Court in Wagenseller v. Scottsdale Memorial Hospital, supra, concluded that the statute does not limit a

successful party to those who have a favorable final judgment at the conclusion of the appeal process. 710 P.2d at 1048. "It may include those who achieve reversal of an unfavorable interim order if that order is central to the case and if the appeal process finally determines an issue of law sufficiently significant that the appeal may be considered as a separate unit." Id. at 1048-49.

The application of the principles set out in Wagenseller to the circumstances of this case is not clear. The plaintiffs are able to cite decisions with language indicating that it would be premature at this point to declare the defendants successful parties (see Doc. 26, pp. 4-5). However, those statements are conclusory and the decisions contain no meaningful discussion of Arizona law on that point. See City of Cottonwood v. James L. Fann Contracting, Inc., 877 P.2d 284, 293 (Ariz. App. 1994); Mohave Electric Cooperative, Inc. v. Byers, 942 P.2d 451, 471 (Ariz. App. 1997). Moreover, the Ninth Circuit's decision in Hellon & Associates, Inc. v. Phoenix Resort Corp., 958 F.2d 295, 300 (9th Cir. 1992), does not even mention Wagenseller.

On the other hand, the defendants have presented cases indicating that, under Wagenseller, the defendants would be considered successful parties and therefore eligible for an award of attorneys' fees. See Read v. Arizona Public Service Company, 2008 WL 4148942 (Ariz. App. 2008); Fulton Homes v. BBP Concrete, 155 P.3d 1090 (Ariz. App. 2007); Mark Lighting v. General Electric, 745 P.2d 123 (Ariz. App. 1986), vacated on other grounds, 745 P.2d 85 (Ariz. 1987). In view of those decisions, the defendants are reasonably considered successful parties eligible for an award of attorneys' fees.

As indicated, under A.R.S. § 12-341.01, the inquiry as to whether a party should receive a fee award does not end with a determination of the party's eligibility as a "successful party." The second step is to determine whether an award is appropriate. Dahn World Co. Ltd. v. Chung, supra, 2006 WL 3313951 at *4.

In Wagenseller, the Arizona Supreme Court set forth several factors to be considered in making that determination. Those factors are (710 P.2d at 1049):

(1) whether the unsuccessful party's claim or defense was meritorious.

(2) whether the litigation could have been avoided or settled and the successful party's efforts were completely superfluous in achieving the result;

(3) whether assessing fees against the unsuccessful party would cause an extreme hardship;

(4) whether the successful party prevailed with respect to all of the relief sought;

(5) whether the legal question presented was novel and whether such claim or defense ha[s] previously been adjudicated in this jurisdiction; and

(6) whether the award would discourage other parties with tenable claims or defenses from litigating or defending legitimate contract issues for fear of incurring liability for substantial amounts of attorneys' fees.

As is typically the case when a number of factors are identified to guide a determination, not all of the foregoing factors are pertinent. In my view, the factors that are the most telling here are whether the unsuccessful party's claim or defense was meritorious, and whether the successful party prevailed with respect to all of the relief sought. Those questions cannot be

answered because, from all that appears, the claims and defenses are still pending before the arbitrator.

The procedural skirmish concerning the proper forum for resolution of the plaintiffs' claims is not what this lawsuit was about. Rather, the plaintiffs filed this suit seeking various forms of relief on the basis of several theories (see Doc. 23, p. 1). Those claims seemingly have not been resolved in the defendants' favor. Unless, and until, they are, there would be no justification for awarding the defendants attorneys' fees for simply obtaining their preferred choice of forum. In other words, it would be a completely hollow victory for the defendants to have procured arbitration, if the arbitrator rules against them. It would be anomalous for the defendants to be awarded attorneys' fees for obtaining arbitration only to be hit subsequently with a substantial judgment by the arbitrator on the plaintiffs' claims. In short, it is premature to award the defendants attorneys' fees as the victorious party.

Furthermore, while the United States Supreme Court's views on the award of attorneys' fees in analogous situations is not controlling on the

interpretation of A.R.S. § 12-341.01, they have persuasive force on the issue of whether an award of attorneys' fees is appropriate. A unanimous court held in <u>Sole</u> v. <u>Wyner</u> that attorneys' fees were not warranted for parties who obtained a preliminary injunction that permitted their demonstration. As indicated, it seems to me (and to the court in <u>Pitchford</u> v. <u>Oakwood Mobile Homes, Inc.</u>, <u>supra</u>) that the defendants have no greater claim to attorneys' fees in this case.

In addition, it appears that the plaintiffs were substantially justified in pursuing judicial relief, rather than arbitration. A review of this court's Order concerning the motion to compel arbitration reflects that the plaintiffs had set forth a number of arguments why arbitration should be denied (Doc. 23, pp. 2-3). In the end, the court did not conclude that the plaintiffs' claims should be resolved in arbitration, but simply that the arbitrator should decide whether the claims should be resolved by arbitration, or in a judicial forum (<u>id.</u>, p. 11). This indicates to me that the plaintiffs' right to proceed to court was fairly debatable. That circumstance bolsters the

conclusion that it would be inappropriate for this court to award attorneys'
fees to the defendants.[*]

Finally, the defendants seek recovery, pursuant to A.R.S. §12-
341, of $350 in costs for the removal filing fee. That claim fails, however,
because the issue of costs is governed by federal law, not state law, even in
a diversity case. See Kivi v. Nationwide Mutual Insurance Co., 695 F.2d
1285, 1289 (11th Cir. 1983); Cline v. Contra Costa County, 2006 WL
3698678 (9th Cir. 2006)(unpub. dec.); 10 Wright, Miller & Kane, Federal
Practice and Procedure: Civil 3d §2669. Accordingly, the issue of costs is
governed by Rule 54(d)(1), F.R.Civ.P., which allows costs to the "prevailing
party." As previously explained, the Supreme Court has indicated that, under
federal law, the defendants would not be considered a prevailing party.
Therefore, the defendants would not be entitled to costs under Rule 54(d)(1).

However, as previously noted, the contract also provides for
recovery of costs by the prevailing party. Just as it was recommended that the

---

[*]At the hearing on the motion for attorneys' fees, counsel for the plaintiffs
represented that, after this court's ruling, the plaintiffs did not pursue the contention in the
arbitration proceeding that a judicial forum was the proper venue.

question of whether, under the contract, the defendants were prevailing parties with respect to an award of attorneys' fees be reserved to the arbitrator, the same is recommended with respect to the issue of costs.

IV.

For the foregoing reasons, I recommend that the Defendants' Motion for Attorneys' Fees and Costs be denied. However, I recommend further that the denial be without prejudice as to the claim under the contract for fees and costs so that the issue of whether the defendants are prevailing parties under the contract can be presented to the arbitrator.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: JANUARY 26, 2009

NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its

service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).